UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MID-CONTINENT CASUALTY COMPANY,
a foreign insurance company

CASE NO.:

    Plaintiff,

vs.

OLD DOMINION INSURANCE COMPANY,
a Florida insurance company

    Defendant.
_____/

## COMPLAINT FOR EQUITABLE SUBROGATION AND/OR EQUITABLE CONTRIBUTION

COMES NOW, the Plaintiff, MID-CONTINENT CASUALTY COMPANY, a foreign insurance company, by and through undersigned counsel, and hereby files this Complaint for Equitable Subrogation and/or Equitable Contribution against Defendant, OLD DOMINION INSURANCE COMPANY, a Florida insurance company, and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because this is an action for equitable subrogation and contribution in which the matter in controversy is in excess of $75,000.00, exclusive of interest and costs and there is complete diversity of citizenship.

2. Venue is proper under 28 U.S.C.§ 1391 in the United States District Court for the Middle District of Florida because a substantial part of the events or omissions giving rise to this claim occurred in Lake County, Florida.

3. At all times material hereto, Plaintiff, Mid-Continent was an insurance company organized and existing pursuant to the laws of the state of Oklahoma and was licensed to transact business in the state of Florida.

4. At all times material hereto, Defendant, Old Dominion Insurance Company, (herein "Old Dominion") was an insurance company organized and existing pursuant to the laws of the state of Florida and was transacting business in the state of Florida.

5. All conditions precedent to the maintenance of this action have occurred, have been satisfied or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

6. Mid-Continent issued a commercial general liability (CGL) policy to River Oaks Development, Inc., policy no. 04-GL-000626553, with effective dates of coverage from April 1, 2006 through April 1, 2007. A true and correct copy of the policy is attached hereto as Exhibit "A."

7. Old Dominion issued a contractors policy of insurance containing general liability coverage to Troy Faris, Inc., policy no. MPG81593, with effective dates of coverage from August 25, 2006 through August 25, 2007. A true and correct copy of the Old Dominion policy is attached hereto as Exhibit "B".

8. The Old Dominion Policy provides in part:

> The following is added to Paragraph **C. Who Is An Insured** in the Businessowners Liability Coverage Form:
>
> 4. Any person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of your ongoing operations performed for that insured.

9. River Oaks is listed as a named additional insured on the Old Dominion Policy pursuant to an Additional Insured Schedule, a copy of which is attached hereto as Exhibit "C".

10. The Mid-Continent Policy provides in part:

> **SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> **4. Other Insurance**
>
> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. **Primary Insurance**
 This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then we will share with all that other insurance by the method described in c. below.
b. **Excess Insurance**
 This insurance is excess over:
 (1) Any of the other insurance, whether primary, excess, contingent or on any other basis:
  (a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work"
 **(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.**

 **When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but will be entitled to the insured's rights against all those other insurers.**
 (Emphasis added).

11. Mid-Continent's named insured, developer/contractor River Oaks, entered into a subcontract agreement with Troy Faris, Inc. for Troy Faris, Inc. to perform framing work in connection with construction at Bella Collina West. A copy of the subcontract agreement is attached hereto as Exhibit "D."

12. During the construction operations at Bella Collina West, an individual named Gregory Dowdy was performing framing work pursuant to the River Oaks/Troy Faris, Inc. subcontract on February 9, 2007 when he fell off a roof and suffered bodily injury.

13. Dowdy subsequently filed a lawsuit against River Oaks, Troy Faris, Inc. and W.R. Grace and Co. to recover damages for his bodily injury.

14. Mid-Continent immediately retained the Conroy Simberg law firm to provide a defense to River Oaks with regard to the Dowdy lawsuit and Mid-Continent and has been required to pay them for their services.

15. Mid-Continent also tendered River Oaks' defense to Old Dominion on more than one occasion, because River Oaks is specifically named by endorsement as an additional insured

3

on the Old Dominion policy, because Dowdy's bodily injury occurred during Troy Faris, Inc.'s ongoing operations for River Oaks and therefore falls within the scope of coverage afforded to River Oaks under the Old Dominion policy, and because Old Dominion's policy is primary and Mid-Continent's policy is excess under the circumstances.

16. The first tender by Mid-Continent to Old Dominion was made on or about September 24, 2008. A copy of the tender letter is attached hereto as Exhibit "E."

17. Despite repeated demands made by or on behalf of Mid-Continent for Old Dominion to defend River Oaks, Old Dominion has refused and continues to refuse to defend River Oaks in Dowdy's lawsuit. As a result, Mid-Continent has incurred and continues to incur significant fees and costs in defending River Oaks.

18. Dowdy's complaint has been amended twice. Copies of Dowdy's First Amended Complaint and Second Amended Complaint are attached hereto, respectively, as Exhibits "F" and "G."

19. Old Dominion had and has a primary duty to defend River Oaks under all three versions of Dowdy's complaint.

## COUNT I- EQUITABLE SUBROGATION

20. Mid-Continent restates and realleges the allegations contained in paragraphs through 19 as if fully set forth herein.

21. River Oaks is the mutual insured of Mid-Continent and Old Dominion. Pursuant to the specific provisions of their respective policies of insurance cited above, primary responsibility for payment of all defense fees and costs rests with Old Dominion, and the Mid-Continent Policy is excess.

22. Mid-Continent has paid and is continuing to pay for all defense fees and costs in connection with the defense of River Oaks in the Dowdy lawsuit in order to protect its own interests and the interests of its insured.

23. Mid-Continent did not act as a volunteer, because the Dowdy claim creates a potentiality of coverage under its policy, and because pursuant to the above-cited policy provisions Mid-Continent agreed to defend where it is excess if a primary insurer refuses to defend, with the insured agreeing that Mid-Continent is entitled to the insured's rights against the other carrier. Thus, Mid-Continent is the equitable subrogee of the insured.

24. Granting subrogation in this case will not work any injustice to the rights of any parties. To the contrary, equity demands that Mid-Continent be held to be equitably subrogated for all amounts it has paid and continues to pay for the defense of River Oaks from the date of Mid-Continent's first tender of the defense to Old Dominion on September 24, 2008, which amounts should have been paid by Old Dominion.

WHEREFORE, Plaintiff Mid-Continent demands judgment against Defendant Old Dominion to recover for all fees and costs paid by Mid-Continent for the defense of River Oaks in the lawsuit filed by Dowdy subsequent to its tender of the defense to Old Dominion on September 24, 2008. Mid-Continent further demands pre-judgment interest, court costs, its fees in this action under Fla. Stat. §627.428, and such other relief as the Court may deem appropriate.

## COUNT II- EQUITABLE CONTRIBUTION

25. Mid-Continent restates and realleges the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Mid-Continent has paid more than its pro rata share for the defense fees and costs of River Oaks in the Dowdy lawsuit, because its pro rata share was and is zero percent and will

continue to be zero unless and until Old Dominion exhausts its policy limits through the payment of settlements and/or judgments.

27. To the extent that Mid-Continent has paid more than its pro rata share for defense fees and costs, Mid-Continent is entitled to equitable contribution from Old Dominion.

WHEREFORE, Plaintiff Mid-Continent demands equitable contribution from the Defendant Old Dominion to recover all fees and costs paid by Mid-Continent for the defense of River Oaks in the Dowdy lawsuit in excess of its pro rata share, plus pre-judgment interest, court costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

_____
JOHN R. CATIZONE, ESQUIRE
Florida Bar No. 695491
ROBIN B. ROTHMAN, ESQUIRE
Florida Bar No. 656460
Attorneys for Plaintiff, Mid-Continent
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Ft. Lauderdale, Florida 33334
Tel:  (954) 689-3000
Fax:  (954) 689-3001
Email: catizone@litchfieldcavo.com
Email: rothman@litchfieldcavo.com