UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MID-CONTINENT CASUALTY COMPANY,
a foreign insurance company,

    Plaintiff,

v.                                                  Case No. 5:11-cv-367-Oc-34TBS

OLD DOMINION INSURANCE COMPANY,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the Unopposed Motion to Intervene as Plaintiff by River Oaks Development Corp (the "motion to intervene"). (Doc. 16). Although this Motion is unopposed, the undersigned, nonetheless recommends that it be DENIED because intervention by River Oaks Development Corp. will deprive this Court of subject matter jurisdiction.

## I. BACKGROUND & FACTS[2]

In February 2007, Gregory Dowdy fell off a roof and suffered bodily injury while performing framing work in connection with construction of Bella Collina West, a

---

[1] Because there is a conflict with regard to whether the denial of a motion to intervene is or is not a dispositive motion, the Court has opted to issue its decision as a report and recommendation rather than as a final order. Compare, United States v. Certain Real Property, 751 F. Supp. 1060 (E.D.N.Y. 1989)(motion to intervene is not a dispositive motion) and Rhodes v. Ohse, 1998 WL 809510 (N.D.N.Y. Oct. 30, 1998)(clearly erroneous standard of review applies and not de novo review to denial of motion to intervene) with Newman v. Sun Capital, Inc., No. 2:09-cv-445-FtM-29SPC, 2010 WL 326069, *1 (M.D. Fla. Jan. 21, 2010)(motion to intervene is a dispositive motion which must be decided by an Article III judge in the absence of consent);Mississippi Power & Light Co. V. United Gas Pipe Line, Co., 621 F. Supp. 718 (S.D. Miss. 1985)(denial of a motion to intervene is equivalent to involuntary dismissal and thus magistrate judge did not have authority to render a final decision).

[2] The "facts" are taken from the pleadings and papers filed in this action.

development in Lake County, Florida. At the time of his accident, Mr. Dowdy was employed by Troy Faris, Inc. ("Faris") as a supervisor/carpenter and was performing framing work pursuant to the subcontract between Faris and River Oaks Development Corp. ("River Oaks"), the general contractor and developer of Bella Collina West. (Doc. 7-4). Mr. Dowdy subsequently filed a lawsuit against River Oaks, Faris and W.R. Grace and Co.[3] in Florida state court to recover damages for his bodily injuries (the "Dowdy lawsuit").[4]

Plaintiff, Mid-Continent Casualty Company ("MCC") is the insurance carrier that provided commercial liability coverage to River Oaks at the time of Mr. Dowdy's accident. (Doc. 7-1). Defendant, Old Dominion Insurance Company ("Old Dominion") is the insurance carrier that issued a contractors policy of insurance containing general liability coverage to Faris. (Doc. 7-2). River Oaks was named as an additional insured on the Old Dominion policy. (Doc. 7-3).

MCC retained the Conroy Simberg law firm to provide a defense to River Oaks in the Dowdy lawsuit and MCC has been required to pay them for their services. MCC alleges that Old Dominion has a primary duty to defend River Oaks in the Dowdy lawsuit and that despite repeated demands, Old Dominion has refused to defend River Oaks. Accordingly, MCC filed the instant action for equitable subrogation and/or

---

[3] W.R. Grace was the manufacturer of the synthetic roofing underlayment upon which Mr. Dowdy allegedly slipped and then fell of the roof. (Doc. 7-8, at ¶¶33)

[4] Case No. 08-CA-3790, in the Circuit Court of the Fifth Judicial Circuit in and for Lake County, Florida. Copies of the initial Complaint, First Amended Complaint and Second Amended Complaint filed by Mr. Dowdy in the Dowdy action are attached to MCC's Amended Complaint (Doc. 7) as Exhibits "E", "G" and "H."

2

equitable contribution against Old Dominion, seeking to recover from Old Dominion the defense costs incurred by MCC in defending River Oaks in the Dowdy lawsuit.

Now, River Oaks, a Florida corporation, seeks to intervene in this action as a Plaintiff. River Oaks claims an interest as a named additional insured under the Old Dominion policy. River Oaks contends that while MCC seeks a determination that Old Dominion has a contractual duty to defend River Oaks in the Dowdy lawsuit it has not sought a determination of Old Dominion's related indemnity obligation to River Oaks under the same policy and in regard to the same underlying case. Accordingly, River Oaks "seeks to intervene in order to assert and protect its indemnity rights under the [Old Dominion] policy, as well as its right to be defended by [Old Dominion] in the Dowdy [lawsuit]." Doc. 16 at ¶7.

## II. DISCUSSION

River Oaks filed its motion to intervene in this action as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. To intervene as a matter of right under Rule 24(a)(2), the intervenor must establish the following requirements: (1) its application to intervene is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) it is so situated that disposition of the action, as a practical matter, may impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. Rule 24(a), Fed.R.Civ.P.; Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989).

While it appears that these requirements are met, intervention is permitted under Rule 24(a)(2) only if it does not destroy subject matter jurisdiction. The court's subject matter jurisdiction over the action between MCC and Old Dominion is premised on diversity of citizenship. Doc. 7 at ¶1. MCC is alleged to be an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Id. at ¶3. Old Dominion is

3

alleged to be a Florida corporation with its principal place of business in Duval County, Florida. Id. at ¶4. If River Oaks, a Florida corporation, is allowed to intervene, complete diversity among the parties will be destroyed.

Nonetheless, River Oaks contends that the Court has supplemental jurisdiction over its claims. Once a district court has original jurisdiction over some claims in the action it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. 28 U.S.C. §1367(a).

> Section 1367(a) provides as follows:
>
> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. §1367(a).

However, Congress has placed a specific limitation on a court's ability to exercise supplemental jurisdiction over intervention claims in cases, such as this, that are founded solely on diversity of citizenship:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction founded solely under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. §1367(b).

By its express terms, §1367(b) declines to extend supplemental jurisdiction to claims of non-diverse plaintiffs seeking to intervene under Rule 24 in actions where federal jurisdiction is based solely on diversity. Here, because River Oaks is a non-diverse plaintiff seeking to intervene under Rule 24, and thus, its claims would be inconsistent with the jurisdictional requirements of §1332, the Court cannot exercise supplemental jurisdiction pursuant to §1367(b). See e.g., Griffin v. Lee, 621 F.3d 380, 386-88, 390 (5th Cir. 2010) (denying non-diverse intervenor's motion to join because §1367(b) withholds supplemental jurisdiction over non-diverse persons seeking to intervene under Rule 24 when the court's only basis for original jurisdiction over the action is diversity under 28 USC §1332); TIG Insurance Co. v. Reliable Research Co., 334 F.3d 630, 635 (7th Cir. 2003)(dismissing plaintiff intervenor's claim for lack of jurisdiction because its citizenship was not diverse from the party against whom it was asserting the claim.); Liberty Mut. Group. v. Hillman's Sheet Metal and Certified Welding, Inc., 168 F.R.D. 90, 92 (D.Me. 1996)("the weight of authority supports the conclusion that §1367(b) precludes the exercise of supplemental jurisdiction over claims by nondiverse plaintiff-intervenors, even as of right under Rule 24(a)"); Development Finance Corp. v. Alpha housing & Health Care, Inc. 54 F.3d 156 (3rd Cir. 1995)(discussing how majority of courts and commentators have concluded that in a diversity action, §1367(b) eliminates supplemental jurisdiction over the claims of a plaintiff-intervenor who shares citizenship with a defendant); International Chemical Corp. v. Nautilus Insurance Co., No. 09-cv-359S(F), 2010 WL 3070101 (W.D.N.Y. Aug. 3, 2010) (explaining that where "intervention is sought by an intervenor as a plaintiff in

order to prosecute in district court a claim against a non-diverse party, intervention may not be granted as such status is expressly prohibited by §1367(b)); Charter Oak Fire Ins. Co. v. Komatsu America Corp., 6:05-cv-1080-Orl-28JGG, 2005 WL 3233115, *2 (M.D. Fla. Nov. 30, 2005)(denying motion to intervene because allowing non-diverse plaintiff to intervene would be inconsistent with jurisdictional requirements of §1332, and thus, the court could not exercise supplemental jurisdiction pursuant to §1367(b)); see also Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d §1917 at 599-600 (discussing amendments to §1367 and how the most recent version of the statute "specifically prohibits the exercise of [supplemental] jurisdiction in diversity cases for persons seeking to intervene as plaintiffs under Rule 24").

Despite this clear statutory language, and the abundance of case law supporting its literal reading, see supra, River Oaks argues that §1367(b) does not deprive the court of supplemental jurisdiction over River Oak's claim against Old Dominion based on Westra Construction, Inc. v. United States Fidelity and Guaranty Company, 546 F.Supp.2d 194, 198-99 (M.D. Pa. 2008) and the cases cited therein. However, a close reading of those cases reveal that they stand for a very limited exception -- i.e., that diversity jurisdiction is not defeated by the intervention of a non-diverse party plaintiff who had no interest whatsoever in the outcome of the litigation until sometime after the suit was commenced.

In Westra, the court stated that "[f]ew courts have attempted to define the contours of the final requirement of 1367(b). Those that have addressed the issue have concluded that intervention is inconsistent with the jurisdictional requirements of §1332 only if the intervening party is indispensable as defined by Federal Rule of Civil

Procedure 19(b)." Westra, 546 F.Supp.2d at 198-99. As an initial matter, there is very limited support for this indispensable party analysis. See e.g., Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d §1917 at n. 42 (pointing out that the distinction between indispensable and necessary parties has not been relevant to the §1367 analysis since the 1990 amendment to §1367).[5] Moreover, while the Westra court used the indispensable party analysis, its ultimate conclusion that §1367 was not a bar to the court's exercise of supplemental jurisdiction was based on the fact that the claim of the intervening plaintiff did not arise until years after the underlying action was commenced. Westra, 546 F.Supp.2d at 200.

This limited exception also was identified in Aurora Loan Servis, Inc. v. Craddieth, 442 F.3d 1018 (7th Cir. 2006), a case heavily relied upon by the Westra court. In Aurora, the Seventh Circuit upheld supplemental jurisdiction in an action in which a person was forced to intervene as a plaintiff to protect an interest that arose during the course of litigation in which he had no stake at the outset. Aurora, 442 F.3d at 1024-26. The Seventh Circuit held that "[j]urisdiction is not defeated by the intervention of a party who had 'no interest whatsoever in the outcome of the litigation until sometime after suit was commenced." Id. at 1025. The Seventh Circuit explained that "Section 1367(b)'s purpose of preventing plaintiffs who would have destroyed federal jurisdiction had they joined a suit at its outset from using Rule 24 to circumvent the requirement of complete diversity has no application to a party forced to intervene to

---

[5] The Westra Court cited Mattel v. Bryant, 446F.3d 1011 (9thCir. 2006) which also utilized the indispensable party analysis. However, Mattel is readily distinguishable because the intervenor was a defendant and the restrictions in §1367 apply only to intervening plaintiffs.

protect an interest that arose during the course of a federal litigation in which he had no stake at the outset." Id.

Moreover, the Seventh Circuit acknowledged two earlier cases -- TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003) and Alpha Housing & Health Care, Inc., 54 F.3d 156, 159 (3d Cir. 1995) -- in which the courts, on facts more akin to those presented here, held that a non-diverse plaintiff could not intervene in a diversity action. The Seventh Circuit explained that "[t]hose were not cases in which the occasion for intervention arose after the suit was brought." Instead, they were cases "within the intended scope of section 1367(b)."

Here, any claim that River Oaks has against Old Dominion, River Oaks had when this action was filed. Accordingly, the narrow exception identified in Westra and Aurora is not applicable to this case.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully RECOMMENDED that the Unopposed Motion to Intervene as Plaintiff by River Oaks Development Corp (Doc. 16) be DENIED because intervention by River Oaks will deprive this Court of subject matter jurisdiction.

IN CHAMBERS in Ocala, Florida, on October 3, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    The Honorable Marcia Morales Howard
    United States District Judge

    Counsel of Record